UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 JUN -3 PM 3: 06

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| THE SATURDAY EVENING POST SOCIETY, INC., and CURTIS PUBLISHING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HUNGRY HOWIE'S PIZZA & SUBS, INC., LOR CORPORATION, J & T'S DREAM, INC., CAM INVESTMENTS, INC., COLUMBUS PIZZA, LLC, ENKOFF ENTERPRISES, INC., and DANIEL BRIAN & ASSOCIATES, INC., <br><br> Defendants. | Cause No. _____ <br><br> 1:10-cv- 0 6 8 0 LJM -DML <br><br> Jury Trial Demand |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs The Saturday Evening Post Society, Inc. and Curtis Publishing, Inc. (collectively, "Plaintiffs"), by counsel, file this Complaint for Injunctive Relief and Damages and Request for Jury Trial against Defendants Hungry Howie's Pizza & Subs, Inc., LOR Corporation, J & T's Dream, Inc., CAM Investments, Inc., Columbus Pizza, LLC, Enkoff Enterprises, Inc., and Daniel Brian & Associates, Inc. (collectively, "Defendants"), and state as follows:

### THE NATURE OF THE ACTION

1. Until May 1, 2010, Plaintiff, Curtis Publishing Inc. ("Curtis") was the copyright owner of the world-famous painting *Freedom From Want* by Norman Rockwell and, as such, had the exclusive rights provided by Federal copyright law

1

including the right to authorize derivative works based upon the original copyright-protected work.

2. On or about May 1, 2010, The Saturday Evening Post Society, Inc. ("Saturday Evening Post Society") purchased the assets of Curtis and Curtis assigned interests in all of its contracts to the Saturday Evening Post Society.

3. This is an action for copyright infringement, unfair competition under federal law, and state law claims based on the publication and exploitation by Defendants of an unauthorized derivative work of *Freedom From Want* for an advertising campaign promoting Hungry Howie's and sales of its products ("Infringing Advertisement").

4. The Infringing Advertisement is a blatant theft of *Freedom From Want*, and constitutes an unauthorized derivative work which incorporates and infringes upon the copyrighted elements of *Freedom From Want*. Defendants were not granted a license to create a derivative work based on the original and, thus, the offending advertisement infringes upon the Plaintiff's copyright and other rights in *Freedom From Want*.

5. The Defendants' clear intent in developing and issuing the infringing advertisement was to trade off of the enormous popularity, recognizability, widespread appeal, and value of *Freedom From Want* during the Thanksgiving and holiday season, which directly ties into the subject matter depicted in *Freedom From Want*. Plaintiffs therefore seek injunctive relief, monetary damages, costs, and attorneys' fees from Defendants for the infringing advertisement.

## THE PARTIES

6. Curtis is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

7. Saturday Evening Post Society is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

8. Defendant Hungry Howie's Pizza & Subs, Inc. ("Hungry Howie's") is a Michigan corporation with its principal place of business in Madison Heights, Michigan and is one of the ten largest pizza chains in the United States with approximately 575 locations in twenty-two different states.

9. Defendant LOR Corporation is the owner and operator of a Hungry Howie's franchise, store number 2013, located at 9546 Allisonville Road, Indianapolis, Indiana 46250.

10. Defendant J & T's Dream, Inc. is the owner and operator of a Hungry Howie's franchise, store number 2009, located at 7722 E. U.S. Highway 36, Avon, Indiana 46123.

11. Defendant CAM Investments, Inc. is the owner and operator of a Hungry Howie's franchise, store number 2007, located at 9235 East 141st Street, Fishers, Indiana 46038.

12. Defendant Columbus Pizza, LLC is the owner and operator of a Hungry Howie's franchise, store number 2005, located at 1263 N. State Rd. 135, Greenwood, Indiana 46142.

13. Defendant Enkoff Enterprises, Inc. is the owner and operator of Hungry Howie's franchises in and around Fort Wayne, Indiana. All franchise defendants are collectively referred to as "Franchisees."

14. Defendant Daniel Brian & Associates, Inc. ("Daniel Brian") is an advertising and design agency based in Rochester, Michigan.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, and 1338(a) and (b) in that Plaintiffs' claims arise under the copyright laws of the United States, 17 U.S.C. § 101, and the Federal Lanham Trademark Act, 15 U.S.C. § 1051 (the "Lanham Act").

16. Upon information and belief, this Court has personal jurisdiction over the Defendants because, among other things, Hungry Howie's, the Franchisees, and Daniel Brian all engage in business in the Southern District of Indiana, issue products or provide services which are distributed in Indiana, have committed infringing acts in Indiana, and have caused injury to Plaintiffs in Indiana.

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400 because Defendants are subject to personal jurisdiction in the Southern District of Indiana, Defendants regularly conduct business activities within the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana.

## FACTS

*Plaintiff's Business*

18. Throughout the Twentieth Century, Curtis has been engaged in the creation, publication, and promotion of various magazines, including *The Saturday Evening Post* ("*Post*"). The *Post* enjoys iconic status as one of the most popular and influential publications of all time.

19. As a fundamental component to the style, creation, publication, and promotion of the *Post*, Curtis has consistently featured original artwork on its covers and inside the *Post*.

20. Over the years, the artwork featured in the *Post* has been created by various artists, including most notably Normal Rockwell.

21. The *Post* commissioned artists such as Norman Rockwell to create these original works of art for the *Post*.

22. The enduring popularity of the *Post* and its associated artwork form the basis of a vibrant licensing business for Plaintiffs. A primary function of this business involves selectively considering commercial partners who are given limited permission to make certain use of the Plaintiffs' intellectual property under licenses granted by Plaintiffs. Such licensing encompasses both licensed merchandise as well corporate advertising and promotional campaigns featuring images owned by the Plaintiffs.

23. Plaintiffs' licensing enterprise is carefully managed and maintained on a daily basis by a staff of experienced executives of the licensing industry.

24. Of the many works of art that Curtis, and now the Saturday Evening Post Society, owns and licenses, one of the most popular and valuable is Norman Rockwell's *Freedom From Want*. A true and accurate copy of *Freedom From Want* is below and attached hereto as Exhibit A.

25. *Freedom From Want* was first seen by the public by virtue of being published by the *Post* in its March 6, 1943 edition, Volume 215, Number 36. *See* Ex. B.

26. The iconic and familiar imagery of *Freedom From Want* depicts a multi-generational gathering of a family at a Thanksgiving dinner table, as the turkey is about to be placed on the table. *Freedom From Want*, also known as *The Thanksgiving Picture*, is one in a series of four paintings by Rockwell known collectively as the *Four Freedoms*, which also consists of *Freedom of Speech*, *Freedom from Fear*, and *Freedom of Worship*.

27. *Freedom From Want* is protected by the Federally registered copyright, Certificate of Copyright Registration Class B, Number 576656, and Certificate of Registration of a Claim to Renewal Copyright, Registration number R 500883. True and accurate copies of the foregoing certificates of registration are attached hereto as Exhibits C and D.

28. As part of its licensing business, Curtis, and now the Saturday Evening Post Society, police and protect their intellectual property by vigilantly monitoring the marketplace and policing against unauthorized uses if and when such instances occur.

*Defendants and the Infringing Advertisement*

29. In November 2009, through its policing efforts, Curtis discovered an unauthorized, multi-state advertising campaign for Hungry Howie's, which featured a version of Norman Rockwell's *Freedom From Want* ("Infringing Advertisement"). A true and accurate copy of the Infringing Advertisement is below and attached hereto Exhibit E.




Ex. A, *Freedom From Want*           Ex. E, Infringing Advertisement

30. The Defendants created and published a number of variations of the Infringing Advertisement, all of which contained the iconic and familiar scene of a multi-generational family gathered around a Thanksgiving table with precise mimicry of the various nuances of the original artwork, except for a few alterations such as replacing the turkey with a pizza, obviously promoting the interests of Defendants' pizza business during the Thanksgiving and holiday season.

31. As such, Defendants willfully and knowingly appropriated the intellectual property of Plaintiffs, including trademark interests, goodwill, familiarity, associative

7

value, reputation, and copyright interests of Plaintiffs for their own commercial interests and gain.

32. On or about November 2009, promptly after discovery of the Infringing Advertisement, Plaintiffs informed Defendant Hungry Howie's of their objection to the Infringing Advertisement and the unauthorized use of their intellectual property interests in and to *Freedom From Want*. Plaintiffs requested that Defendants cease using the Infringing Advertisement. Despite this and numerous other communications, Defendants continued using the Infringing Advertisement throughout the 2009 holiday season at which point, upon information and belief, the Defendants' campaign had run its entire course.

33. Upon information and belief, Defendant Daniel Brian was responsible for the creative development and placement of the Infringing Advertisement.

34. Upon information and belief, the Defendants did not engage in the routine practice of clearing and licensing third-party intellectual property rights in the development, implementation, and distribution of the Infringing Advertising and the surrounding advertising campaign based around Plaintiffs' copyrighted work.

35. Upon information and belief, Defendants were actively aware of Rockwell's *Freedom From Want* in the creation of the advertising campaign involving the Infringing Advertisement, and therefore made intentional and deliberate use of Plaintiffs' intellectual property for their own advertising and corporate objectives.

36. Defendants' conduct infringes on the copyrights in works owned by Plaintiffs that are the subject of valid Certificates of Copyright Registration from the Register of Copyrights, including, but not limited to, those listed on Exhibits C and D.

37. The infringing acts of and by the Defendants have harmed and continue to harm the interests of Plaintiffs. Plaintiffs seek injunctive relief, statutory damages for Defendants' past and present infringement, and actual damages plus profits, of an amount to be established at trial.

## CLAIMS FOR RELIEF

### COUNT I
Copyright Infringement
17 U.S.C. § 106 and Common Law

38. Plaintiffs incorporate by reference paragraphs 1-37 as if set forth herein.

39. The painting *Freedom From Want* is an original work and copyrightable subject matter under the laws of the United States. *Freedom From Want* is registered with the United States Copyright Office, Copyright Registration Nos. B, Number 576656, and R 500883. *See* Exs. C and D.

40. At all times relevant hereto, the Plaintiffs have been the sole owners of all right, title, and interest in and to the copyright to *Freedom From Want*, which has not ever been assigned, licensed, or otherwise transferred to the Defendants.

41. Beginning in or about November 2009 and continuing thereafter, Defendants have willfully infringed upon the Plaintiffs' rights by reproducing, displaying, manufacturing, distributing, promoting, and advertising the Infringing Advertisement without the permission, license, or consent of the Plaintiffs.

42. Defendants had knowledge of Plaintiffs' ownership of the copyright in and to *Freedom From Want*.

43. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

44. As a result of Defendants' copyright infringements as alleged above, the Plaintiffs have been substantially injured and are entitled damages as provided by 17 U.S.C. §§ 501, 502, 504, & 505 and to the fullest extent available under common law.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants and for:

(a) temporary, preliminary, and permanent injunctive relief enjoining and restraining Defendants, their respective officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons in active concert or participation with any of them, from the manufacture, publication, display, distribution, and advertising of the Infringing Advertisement or any other appropriations of Plaintiffs' intellectual property assets;

(b) temporary, preliminary, and permanent injunctive relief enjoining and restraining Defendants, their respective officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons in active concert or participation with any of them, from directly or indirectly using the images, style, setting, characters, and other elements contained in the original work of art *Freedom From Want* (i) that are likely to cause confusion, mistake, or deception as to the affiliation, association, or connection between Defendants' Infringing Advertisement or any other of Defendants' works and Plaintiffs and *Freedom From Want*; and (ii) that constitute a false or misleading description of origin in the United States, its territories and possessions and elsewhere within the jurisdiction of this Court;

(c) an order adjudging that Defendants have willfully infringed upon Plaintiffs' copyrights in and to the artwork entitled *Freedom From Want* and its derivative works;

(d) damages in an amount to be determined at trial but not less than statutory damages;

(e) the Defendants' profits attributable to their infringements;

(f) Defendants' disgorgement and an accounting to Plaintiffs for any and all profits derived by Defendants from the Infringing Advertisement;

(g) the recall of all advertisements, promotional materials, and all other items in the possession or under the control of Defendants relating to the Infringing Advertisement, if any; and the destruction of all such materials and delivery to Plaintiffs an affidavit swearing that such materials were destroyed under proper and appropriate safeguards;

(h) reasonable attorneys' fees, expenses, and costs under the Copyright Act against Defendants;

(i) a written report from Defendants, under oath, filed with the Court and served on Plaintiffs within thirty (30) days after the service of the Court's order, setting forth in detail the manner and form in which Defendants have complied with the Court's order; and

(j) such other and further relief as the Court shall deem just and proper, including interest and the costs and disbursements of this action.

## COUNT II
Violation of Section 43(a) of the Lanham Act

45. Plaintiffs incorporate by reference paragraphs 1-44 as if set forth herein.

46. The images, style, setting, characters, and other elements contained in the original work of art *Freedom From Want* have come to be uniquely associated with

11

Plaintiffs and the *Post* and are inherently distinctive.

47. Defendants' creation, distribution, display, and other use in commerce of the work *Freedom From Want* in a manner that falsely implies that the Defendants' establishment, product, goods, and services are sponsored, endorsed, and/or authorized by the Plaintiffs caused and will, unless enjoined, continue to cause confusion, mistake, and deception as to the affiliation, connection, and/or association of the Plaintiffs with the Defendants and as to the authorization of Defendants' derivative work.

48. Defendants' use in its Infringing Advertisement and promotion of images, style, setting, characters, and other elements which are identical and/or confusingly similar to Plaintiffs' *Freedom From Want* has caused or has the likely capacity to cause confusion, mistake, and deception as to the origin of Defendants' establishment, products, and services, and as to the sponsorship, consent, authorization, or approval by the Plaintiffs of Defendants' establishment, products, services, and activities.

49. The acts and conduct of Defendants are, and unless enjoined will continue to be, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. By reason of the Defendants' unlawful and willful acts and practices, the Plaintiffs have suffered and, unless Defendants are enjoined and restrained from such conduct, will suffer immediate and irreparable harm and damage to their business reputation and goodwill, as well as the artistic reputation and goodwill of the artwork *Freedom From Want*.

51. By reason of Defendants' unlawful acts and practices, the Plaintiffs have suffered damages, including without limitation the loss of licensing revenue, quality control, accreditation, and royalties Plaintiffs would have earned but for Defendants'

infringing acts.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants and for:

(a) temporary, preliminary, and permanent injunctive relief enjoining and restraining Defendants, their respective officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons in active concert or participation with any of them, from the manufacture, publication, display, distribution, and advertising of, the Infringing Advertisement or any other appropriations of Plaintiffs' intellectual property assets;

(b) an order adjudging that Defendants' activities have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125;

(c) an order adjudging that Defendants have willfully infringed upon Plaintiffs' various intellectual property interests relating to *Freedom From Want*;

(d) temporary, preliminary, and permanent injunctive relief enjoining and restraining Defendants, their respective officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons in active concert or participation with any of them, from directly or indirectly using the images, style, setting, characters, and other elements contained in the original work of art *Freedom From Want* (i) that are likely to cause confusion, mistake or deception as to the affiliation, association, or connection between Defendants' Infringing Advertisement or any other of Defendants' works and Plaintiffs and *Freedom From Want*; and (ii) that constitute a false or misleading description of origin in the United States, its territories and possessions and elsewhere within the jurisdiction of this Court;

(e) damages in an amount to be determined at trial;

(f) the Defendants' profits attributable to its infringements;

(g) disgorgement and accounting to Plaintiffs for any and all profits derived by Defendants from the Infringing Advertisement;

(h) that this Court require Defendants to: (i) recall all advertisements, promotional materials, and all other items in their possession or under the control of Defendants relating to the Infringing Advertisement; and (ii) destroy all such materials and deliver to Plaintiffs an affidavit swearing that such materials were destroyed under proper and appropriate safeguards;

(i) the fullest extent of monetary damages available under 15 U.S.C. § 1117(a), including Defendants' profits, Plaintiffs' damages, and attorneys' fees and costs;

(j) a written report from Defendants, under oath, filed with the Court and served on Plaintiffs within thirty (30) days after the service of the Court's order, setting forth in detail the manner and form in which Defendants have complied with the Court's order; and

(k) such other and further relief as the Court shall deem just and proper, including interest and the costs and disbursements of this action.

## **COUNT III**
Conversion, Indiana Code § 34-24-3-1

52. Plaintiffs incorporate by reference paragraphs 1-51 as if set forth herein.

53. Plaintiffs own the image depicted in Exhibit A.

54. Defendants have knowingly or intentionally assumed or exerted unauthorized

control or the right of ownership over the image in the promotion, advertising, and sale of Defendants' services and products.

55. Defendants' use of the Plaintiffs' image was unauthorized and without Plaintiffs' knowledge, permission, or consent.

56. Defendants' use of the Plaintiffs' image was inconsistent with and in denial of Plaintiffs' rights of ownership.

57. Defendants' wrongful acts alleged herein have permitted Defendants to earn substantial revenues and profits on the strength of Plaintiffs' image and the recognition, goodwill, reputation, and value thereof.

58. As a result of Defendants' wrongful acts alleged herein, Plaintiffs have suffered pecuniary loss and other damages.

59. Defendants' actions are in violation of Indiana Code section 35-43-4-3, and thereby entitle Plaintiffs to the additional remedies provided by Indiana Code section 34-24-3-1.

60. The conduct of Defendants described herein has not been the result of a mistake, honest error of judgment, overzealousness, or other noniniquitous human failing, but rather has been the result of malicious, oppressive, and/or fraudulent conduct.

61. The public interest will be served by an award of punitive damages against Defendants.

WHEREFORE, the Plaintiffs pray for judgment in their favor and against Defendants for:

(a) the damages caused by Defendants' conversion;

(b) an amount equal to three times the Plaintiffs' actual damages;

(c) the costs of this action;

(d) reasonable attorneys' fees;

(e) actual travel expenses and other expenses allowed under Indiana Code section 34-24-3-1;

(f) prejudgment interest;

(g) punitive damages; and

(h) all other just and proper relief.

## COUNT IV
### Unjust Enrichment

62. Plaintiffs incorporate by reference paragraphs 1-61 as if set forth herein.

63. Defendants received the benefit of the use of the Plaintiffs' intellectual property, including without limitation the benefit of Plaintiffs' fame, reputation, and goodwill.

64. Defendants did not pay any consideration to Plaintiffs for this benefit.

65. Defendants used the Plaintiffs' intellectual property without Plaintiffs' knowledge, consent, or permission.

66. Defendants have requested and/or knowingly received the benefit..

67. It would be unjust to allow Defendants to receive the benefit of Plaintiffs' intellectual property without paying Plaintiffs for the fair value of the use of their intellectual property as well as their reputation and goodwill inherent therein.

68. Defendant should reasonably have expected to pay for the use of the Plaintiffs' intellectual property, reputation, and goodwill, and Plaintiffs expected payment for the use of their intellectual property, reputation, and goodwill.

69. As a result of Defendants' wrongful acts alleged herein, Plaintiffs have suffered irreparable injury.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants and for damages, their costs in this action, prejudgment interest, attorneys' fees and expenses, and all other just and proper relief.

Respectfully submitted,

*/s/ Jonathan Faber*
*/s/ Kyle Baker*
*/s/ Cynthia Bedrick*

Jonathan Faber (#21620-73)
Kyle M. Baker (#20015-53)
Cynthia A. Bedrick (#21547-49)
McNeely Stephenson Thopy & Harrold
2150 Intelliplex Drive
Suite 100
Shelbyville, IN 46176
Tel. 317.825.5110
Fax 317.825.5109

## JURY DEMAND

Curtis Publishing, Inc., by counsel, respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Jonathan Faber by CAB*
*/s/ KMB by CAB*
*/s/ Cynthia A. Bedrick*

Jonathan Faber (#21620-73)
Kyle M. Baker (#20015-53)
Cynthia A. Bedrick (#21547-49)
McNeely Stephenson Thopy & Harrold
2150 Intelliplex Drive
Suite 100
Shelbyville, IN  46176
Tel.  317.825.5110
Fax  317.825.5109